The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. All right, welcome. We have Mr. Kamens. Do you hear me? Yes, Your Honor. And Ms. Cole, do you hear me? I do, Your Honor. Okay, we're ready to proceed. In the case of United States v. Ayon-Brito and Mr. Kamens, we'll hear from you first. Good afternoon, and may it please the Court. Mr. Ayon-Brito was charged with violating 8 U.S.C. 1326 by being found in this country after previously being deported. To be found in the context of 1326 means, as this Court held in United States v. Uribe-Rios in a decision written by Judge Duncan, that federal immigration authorities learned of his identity and illegal presence in the United States. In this case, the government charge that Mr. Ayon-Brito was found in Cumberland County, Pennsylvania. But it brought this case in the Eastern District of Virginia. Because the violation of the statute occurred in Pennsylvania, the District Court erred in denying the motion to dismiss. In a criminal case, venue must be narrowly construed. And the first step in determining the appropriate venue is identifying whether there is a specific venue statute. In this case, there is. It is at 8 U.S.C. 1329. And it provides that venue for this offense is where the 1326 violation occurs. Therefore, as this Court said in Uribe-Rios, Section 1329 places venue for a Section 1326 violation in any district where the alien is found. That means that venue for the charged offense is the Middle District of Pennsylvania, not the Eastern District of Virginia. In other words, the crime charged here is not presence within the United States unlawfully. The offense is being found when federal officials found Mr. Ayon-Brito in Pennsylvania. The government argues that venue is proper in Virginia because, it says, a found in violation of 1326 is a continuing offense. There are at least two basic problems with this argument. First, venue in this case is determined by the specific venue provision at 8 U.S.C. 1329, not by the general venue provision at 18 U.S.C. 3237. Why do you say that? Those are not distinct. It seems to me 1329 says where the offense occurred. Where the offense occurred is where the elements of the crime were committed, right? And one of the elements is found. And the word found has been interpreted by most courts to be a continuing notion. But maybe that's not the best word, but it means encountered, identified, and recognized as illegal. That's what Judge Sykes nicely said in the Seventh Circuit, but we have also repeated it in a little different form. And he was first encountered in Virginia. And then he was identified in Pennsylvania and recognized as an illegal alien in Pennsylvania. So it seems to me the act of finding involved Virginia and Pennsylvania. But that's where the offense occurred because found is one of the elements. So I don't see that 1329, which uses the word occurred, and 3237, which talks about where it was started in one place and completed in another. It can be in any district. So just to be clear, Judge Niemeyer, 1329 says that venue is appropriate where the violation occurs. That's what I'm saying. And a violation occurs when the elements are satisfied of the crime, right? All of the elements, that's correct. All of the elements, one of which is to be found in the United States. That's right. That's when the violation occurs. And so the violation. Actually, I disagree with that, Counsel. I don't think the violation occurs at any point between entry and apprehension. Right. And so the violation occurs at any point between them. Both as being a person and being illegal. And that's when the statute of limitations starts to run. But it doesn't mean that the offense is not a continuing offense that begins at the point of entry and ends at the point of apprehension. And actually it can be apprehension plus. So with respect, Judge Myers, the statute, the found in statute is not violated until the defendant is found. That is, if an individual comes into the United States without authorization and they were previously deported, the found in portion of the statute has not been violated. And let me give you an example. So let's say an individual has been previously deported. If I could just provide my listening. All right. If a person has been previously deported, they come back into the country and they live for 10 years without being found in this country in Vermont, and then they decide they'd like to move to Canada. And then they attempt to leave the country. They get stopped by Canadian authorities. They're never found in the United States until the Canadians turn them back and bring them to the U.S. border. In that case, there is no found in violation. And the reason is. Yes. I'm sorry. I didn't mean to interrupt you there, but it seems to me that you're equating found with apprehended. And it's and it would appear that the venue statute is referring here to any place in the United States at which the violation may occur or where the person is apprehended. So it seems to me that this the statutory language is is very, very precise. Any place in the United States where either the violation occurs or the person's apprehended. So it could be any one of a number of places once the illegal entry has occurred, couldn't it? No. And just to be clear, that second portion of the statute where it says that an individual can be where the case can be brought wherever an individual is apprehended a number. Well, the Ninth Circuit has said that it's unconstitutional on the OLC has issued an opinion that says it's unconstitutional. And here's why. If an individual comes into the country, enters the country unlawfully. And then and the government knows that they learn that this person is here unlawfully and identify them. And then they're apprehended in another district. The offense, the entry offense occurred at the place of entry. And even though the statute says that the person can be prosecuted at the place of apprehension, if that doesn't relate to the commission of a crime, then it violates the Constitution. That part of the venue statute is not at issue here. The only question is whether the defendant can be prosecuted in the eastern district of Virginia when they were not found. When you suggest that we're we're confusing or conflating found with apprehension, apprehended. We're suggesting that the word found the violation of 1326 that specifies a found in violation has a specific meaning. It's the one that this court what's what is the ration? I'm sorry. What is the rationale behind your argument? It seems to me that there's a lack of logic in the fact that a person can only be arrested. I mean, you can only be prosecuted where they are found or at an apprehended, according to you. Because if a person moves around in the United States in five different places, just the fortuitous circumstance of ultimately being apprehended makes the difference when they're in the country illegally the whole time. No. And just to be clear, though, there's usually only one place that a person is found. And it means when federal immigration authorities identify the person and recognize their presence here. So usually, even if a person moves around to five different places, it is the place where federal immigration authorities find them and recognize their presence here as being unlawful. That is the sole place where they can be prosecuted. And let me explain the rationale behind that. The venue statute generally or the constitutional provision on venue requires that venue be limited to the place where the offense occurs. That can be complicated. So the first element of this offense is deportation. So, for example, if you look at the elements of the offense, potentially, and you consider that venue is anywhere where the elements occur, then the government could conceivably transfer every illegal reentry defendant to the border where that individual was deported. And they know in every case where a defendant has been deported because they have to get that in the context of the prosecution. And the problem in the context of venue is that it allows the government to decide where an individual may be prosecuted. And immigration is one context where there is vast difference between the way that the government prosecutes 1326 prosecutions throughout the country. In some places, there are fast-track limitations on punishment. In other places, there are not. And so the rule that we are suggesting is a very simple one, and it is the one that is required by 1329. And that is that a found-in prosecution is only allowed in one place, and that is where the individual is found. In Uribe, Rio— So why does that—why does that not read that last—you're reading that last clause as pure surplusage with that reading. The last clause of 1329— It's where there may be apprehended, any place or. No, I'm reading that as unconstitutional, as the Ninth Circuit and as the OLC have said. And the reason is, for example, if someone is prosecuted for entering the country after a prior deportation in Texas, but the person is apprehended in Arizona, the Ninth Circuit and the OLC, the Office of Legal Counsel, have said the offense that the person is charged with is entry into the United States after a prior deportation. That has to be done where the person entered the country. It can't be done somewhere else in the country if that's what they're charged with. The same logic applies to a found-in violation. If someone is found in the country, that is where they have to be prosecuted for a 1326 violation. So it's not a continuing violation? I don't think it is. I don't think the court needs to reach that. I think we have to. If you want us to rule the way you want us to rule, we have to say that this court was wrong in Barnett when it said a deported person who succeeds in reentering the country without detection is in violation of 1326 everywhere he goes. Venue is thus proper in any of the places he goes. It's unpublished, but it's an opinion from this circuit. Is that just wrong? I do believe it's wrong. I believe it's obviously unpublished and so, therefore, isn't binding precedent. Let me explain why I think it's wrong. The reason is is that 1329 doesn't require the court to decide whether this is a continuing offense or not. It simply requires the court to determine that venue is limited to the place of the violation. In this case, the violation, the found-in violation charged in the indictment is Pennsylvania. If you agree with me. But I think Judge Meyer's question is the venue is determined by where the offense occurs. If the offense is committed in any place where the person goes and is continuing in that sense, that's where it occurs. So and he can be prosecuted there. That's that's the question. I believe you can answer that. But but I think it is necessary to make that decision. So let me be clear, Judge Niemeyer, in a case, in a world where there is no specific venue statute, you're absolutely right. What the court has to do. This statute uses the word occurs where the offense occurs. That's the venue statute of 1329. Well, and and the question has to then be, where does the offense occur? It's right. And let me and I don't mean to quibble with you in terms of the language, but there is a difference between offense and violation. No, it says occur, occur. Right. It says violation violation where the violation occurs and understood. But, Your Honor, the founding violation hasn't occurred until the defendant is found. So an offense may begin. It may have a middle and it may have an end. But a violation only happens when the elements are satisfied. And so that's that's why I'm not trying to play semantic games with you. But I think there is a difference between when a violation of a statute occurs and when an offense may occur, because an offense, to the extent that a part of the fence occurs in one place and a part of the offense occurs in another place. It's different than a violation of the statute. Until Mr. Ion Brito was found, that portion of the statute had not been violated. And so back to my hypothetical, which actually comes from a Second Circuit case. If a defendant lives in the United States, is present, has been here unlawfully. They're charged with being found in the country just because they were present in the case that I'm referring to. The person left to the United States and then was only found at the border when the Canadians turned them back. That is not a violation of the found in portion of the statute. They cannot be prosecuted based upon being found in the country because they weren't. Their mere presence was not enough. And so it's also important to keep in mind that if someone enters the country unlawfully, that is where the violation occurs of entry. And so an individual who enters the country unlawfully after previously being deported has to be prosecuted in that place of entry. It's not like that offense of entry continues. There's no continuation after after they have entered. If the government wants to prosecute them for entering the country after a prior deportation, they are limited to the place of entry. And the same logic applies in the context of the found in violation. Can you give us specific citations for what cases you rely on to establish that as a necessary element? So that is that found is a necessary element of the offense. Yes, that is. And then in this circuit, it's when the person is found and the offense is not complete. Illegal reentry by the aliens. Not complete is not a continued offense up to the point where they're arrested. OK, well, the most apposite for circuit decision is the United States versus a rebate Rios. And that is five fifty eight after three forty seven for circuit two thousand nine. And let me just briefly describe the facts. In that case, the defendant was apprehended by state authorities in the eastern district of North Carolina. They they received a six year sentence and then they were ultimately transferred to a prison in the western district of North Carolina. At that point, ICE identified that person and a 1326 prosecution was brought. And the defendant said, wait a minute, I was found back in the eastern district of North Carolina. The state prosecuted me there. They knew my full identity. There was an ICE detainer that was lodged, although under a different name. And this court said, no, the found in violation occurred when the federal immigration authorities identified that person, their identity and their illegal presence and that occurred in the western district. And so I've read the case. It doesn't say that the violation was not continuing up to that point. This is a question about when the statute of limitations begins to run. It's not a continuing violation or it is. So I don't think it is, but even if it were, I think that we should prevail. And I'll give you an example. The 11th Circuit, for example, considers it to be a continuing violation. That is 1326 in the context of statute of limitations. In the case, the most recent case that we cited, Jimenez from the middle district of Florida. It's the exact same circumstance. And the government made the exact same arguments. This is a continuing offense. It's subject to the general venue provision in 3237. And the district court said it doesn't matter. 3237 certainly asked or says that courts can that defendants can be prosecuted wherever an offense begins, continues or concludes. But that's not what 1329 says. 1329, the specific venue provision says that prosecution must occur in the place where the violation occurs. Of course, it also says we're apprehended. But again, we're not dealing with that portion of the specific venue. I understand, but a continuing violation occurs in all those districts. It can, but a continuing violation, if I can answer, only matters for purposes of the general venue statute 3237. If we're right, that venue is determined by the specific venue provision and not the general one. It doesn't matter whether it's continuing or not, because the violation that is the violation of the statute, the consummation of all of the elements hasn't occurred until the defendant is found. OK, Mr. Kamen's issue is your argument. We can go to any degree when you look at Section 1329. And it refers to the prosecution may be brought at any place in the United States in which the violation may occur, as opposed to the place in the United States. It seems to me that perhaps your reading of the statute would would be taken care of if the language had been the place in the United States. But Congress chose to use any. Doesn't that make a difference? It could. But there are three places that the statute says that people can be prosecuted. That is where they attempt to enter, where they enter and where they're found. And so conceivably, if the government knows where a person has entered after a prior deportation and they know where a person is found, the government can choose which venue that they'd like if they're different. So they could choose to prosecute the person for being found in where they're found or where they entered. I don't think it in any way diminishes our argument that venue in this case is determined by 1329. In this case, they have charged that he was found. And in this case, the indictment says he was found not in the eastern district of Virginia, but in the middle district of Pennsylvania. All right. Thank you. Thank you. We'll hear from this call. May it please the court. Good afternoon. I want to start off where we left off a moment ago, talking about this circuit opinion in Rio. I think it needs clarification on the meaning of the term found. Now, the meaning of the term found, though, is only important if this court is inclined to agree with the defendant's proposition that the word violation restricts venue to where a defendant is found, which is not the government's position here. But regardless, I want to clarify what the fourth circuit said in Arrive Rio. I believe what counsel cited was language saying that venue is proper where a defendant is found. And the government agrees with that contention as far as it goes. However, Arrive Rio did not hold that venue was present only where a defendant is found and did not consider whether venue would be proper anywhere else. Later on in that exact same opinion, the fourth circuit clarified the meaning of the term found when it cited United States versus Gordon, which is a seven circuits case. And it said there to be found in the United States means to be present in the United States without permission after deportation. It continued that the immigration agency's discovery of the alien is not an element of the offense. I believe the language there and the understanding of this court's prior ruling helps clarify the meaning of the term found. And that's exactly what the government's position is here. That sound simply means present, which means that the violation occurs really anywhere that the defendant is present after illegally reentering the United States. And up until the offense complete. I'll note, however, as I believe Judge Myers pointed out in DeLeon Ramirez, which is a more recent opinion of this circuit. A court did note that is an open question in the fourth circuit when the offense complete. So as some circuit courts have found defense may complete when the defendant is discovered by federal immigration officials. However, other courts have news that it may be when the defendant is apprehended for the immigration offense or even when he leaves, departs the country. Now, briefly to touch on another point that was made about the term apprehension, I believe it was said that this is not an issue here. There are a number of ways that this court can find venue proper in the eastern district of Virginia under either of the applicable venue statutes. And one of those is the provision of 1329 that allows for venue where an alien is apprehended. Now, the Ninth Circuit opinion and the OLC that my friend Mr. Cayman cited, I believe state that this may be unconstitutional to the extent that they provide for venue where the violation or the offense was not committed. And that is simply not the case here. The defendant was apprehended in Virginia to the extent that that is where federal officials first took him into custody. And similarly, the offense occurred in Virginia because of his presence there prior to his arrest in Pennsylvania. Now, after touching on those points, I do want to talk about a couple of the takeaways from let me ask you on that question. Do you read found to include the notion that there has to be an apprehension or can a person be found in the United States but not apprehended? In other words, let's say the local sheriff calls the immigration people and said, we had a guy staying here at the motel who had been deported and was now back here in the United States on an illegal status. He checked out last night and headed for Montana. Now, is that found or do you need apprehension to be found? I don't believe you need apprehension to be found, Your Honor. I mean, in any case, it's hard to think of a time where a defendant is charged without also having been apprehended at some point. But to be found. No, he'd be apprehended first and then charged. He'd be apprehended on the probable cause that he committed a crime. And the crime in this case was based on the sheriff's report that ABC checked out of the hotel and he was a person who had violated 1326. But he left this morning in a car going west to Montana. And the immigration officers are told about that. This is in Pennsylvania. And he's told about that. Is he found at that point or is he found when they finally apprehend him on the way to Montana? It's the government's position here that he would be found in that case, yes. And that's under the meaning that I have described. Is he found both in Pennsylvania? Both in Pennsylvania and Montana? Would he be found in both places? To the extent that the defendant was present in both locations, yes. Which I believe is what it was in the hypothetical. And that's essentially the language I just quoted in Uribe Rios, which comes from Gordon, that says to be found means to be present in. Now, turning to kind of the extensions of these rules that are being articulated. First off, there's a bit of a peculiarity that Venue could be at issue in a case like this. The Supreme Court has expounded on the values and the public policy considerations that are protected by constitutional and statutory Venue protection. And chief among those is that a defendant not be brought to a faraway place for prosecution of a crime. In court, the Supreme Court said very this, that the provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused and prosecuted in a remote place. Provided that the language permits, the act in question should be given that construction, which will respect such consideration. Now, a rule that a violation of 1326 is a point in time offense, so not a continuing offense, essentially insists that in a number of cases, including this one, a defendant be taken away from where he is for the majority of the time that the offense is being committed to a faraway place. Now, the construction, which the government supports that it is a continuing offense, is really, on the other hand, a defendant-friendly rule. And there's four reasons I'll point to. First off is that it would allow prosecution in the district where the defendant is residing during the commission of the offense. Second, it provides a defendant with more limited criminal exposure. So, thinking of the offense as beginning at a defendant's reentry and completing sometime, whether it be his discovery by federal immigration officials or later, is simply one offense. However, if you think of it as a point in time offense, it exposes a defendant to multiple units of prosecution, including the entry, perhaps an attempted entry, and however many times he may be found, at least in the defendant's argument, found by federal immigration officials. Why does he have to be found by federal immigration officials? What if a local sheriff finds him and calls the officials and they arrest him someplace where they can find him, but he first is recognized, encountered, discovered, identified by a local sheriff? Has he violated the statute? Yes, and exactly, Your Honor. I meant to premise what I just said was in the defendant's argument found by immigration officials, but in ours, it would be found anywhere by anyone. And I would agree that he violates the statute if he's found by a local sheriff. Now, third on this same point, regardless of the multiple permissive venues that may be allowable under this rule, the defendant will always have the ability to move to transfer venue for convenience, and that simply did not happen here. So, there's a number of safeguards here that perfect defendant's interest in these prosecutions. Now, I'll focus for a bit on the continuing offenses and what those are, because I think that is important to the decision here, as a couple of Your Honors have noted, and makes the venue determination quite easy. And I'll be brief in describing the test, but I think the Seventh Circuit articulated it pretty clearly in United States v. Arona Ibarra, which was a 1326 case dealing with a venue issue. And it said, to determine if Congress created a continuing or multi-district offense, courts consult the specific venue statute if there is one, and the nature of the crime alleged, and the location of the act or acts constituting it. And there the circuit is setting court. It goes on to say, if Congress is found to have created a continuing offense, the locality of the crime shall extend over the whole area through which the force of the offender operates. Now, when we look at the statute at issue here, 8 U.S.C. 1326, it's a logical consequence of the language that Congress envisioned a continuing offense. The gravamen of the offense is essentially a defendant's presence in the United States following deportation or removal, and the continuation of that presence. Now, every circuit to have considered the issue, at least in the context of a defendant with a surreptitious entry of whether this is a continuing offense, has found in the affirmative. And this interpretation gives meaning to the statutory language that we've pointed out that says a defendant who enters, attempts to enter, or is at any time found in the United States. The court in Arebe Rios, as I said earlier, favorably cited a decision of one of these courts, Gordon, in saying that the defendant is to be found means to be present. And that's in line with published opinions. Sorry, let me move on. Moving on in Barnett, this circuit specifically found that venue would be proper in such a continuing offense as a 1326 anywhere the defendant goes. And although that is an unpublished decision of this circuit, it's in line with the published decisions of the Seventh and Ninth Circuits in Rodriguez-Rodriguez and Ruelas-Ereguen. And I'll briefly overview, since this was touched on a bit earlier, the applicable venue statutes. And the statutes here, which are 8 U.S.C. 1329 and 18 U.S.C. 1337, work in harmony. But looking at the text of them, there are at least four ways which this court can find venue permitted under this statute, or under these statutes. The first I'll go to is one the defendant touched on for a moment, which is the venue in any place where a violation occurs. And the meaning of the word violation or violation occurs here can really be read in context against this backdrop of law, finding that an illegal reentry offense is a continuing one. And this circuit in Barnett specifically said that the violation occurs anywhere that the defendant is. So that's the first. The second would be the point apprehended, which I believe I've already touched on, but I'm happy to go into more. The next is turning to 18 U.S.C. 1332-37, which is not in conflict with 1329 here, based on the points I just said. Has two more provisions that make clear the applicability of the continuing offense doctrine to this crime. The first is simply the general statement that venue for a continuing offense is proper anywhere that the defense begins, continues, or completes. Here it is not in dispute that defendant was in Virginia prior to his arrest in Pennsylvania, and that is simply where the offense continued. The offense began where the defendant entered, and it completed at some point later, which is at the earliest when he was in Pennsylvania and arrested. Now, turning to the next paragraph of 1332-37, there's one more provision that's applicable, which provides for venue for in cases involving the importation of a person. And it provides for venue anywhere such imported person moves. And this is a broad provision. This court has advocated for the broad interpretation of the word involving in this statute, and this court's opinion in Britweiser works in favor of that. In that case, and I'll briefly describe the facts, but in a limited detail, it involved a sexual assault on an airplane that was in interstate commerce. And this provision of 1332-37 not only applies to offenses involving the importation of a person, but also offenses that occur on transportation in interstate commerce. And the court in that decision found that it was not necessary to find precisely where the plane was, where the offense occurred, because it was covered by the statute. And that allowed for prosecution anywhere that this means of transportation in interstate commerce moved, anywhere from the takeoff to the plane to the landing. And that's exactly the case in cases involving importation as well. And regarding the whether this applies in the first place, I want to note the statute in Britweiser didn't use the word involving means of transportation in interstate commerce. It's not simply necessary that the statute have specific language used in 32-37 in it. So it is not necessary that 1326 either has the word importation. It is clearly an offense that involves the importation of a person, albeit it be self-importation at many times. But in that respect, 32-37, the second paragraph also applies. So these I've kind of outlined four ways that the applicable venue statutes apply. And any of them can be read either alone or in tandem to allow for venue here. The last thing I'll note is simply the lack of precision in some case law regarding this term found. And I touched on it a bit in Arrive Rio and how some law in the venue realm has basically assumed without holding that venue is proper, perhaps only where a defendant is found. But moving outside of the venue context, the word found has appeared a lot in the context of the statute of limitations. And what's happened there is there's apparent discomfort with the course of perpetual liability for a defendant facing 1326 exposure. And they've sought for an act that triggers the statute of limitations. Now, for other continuing offenses, that may be for a conspiracy, a withdrawal, or the capture of the individual, or for an escape, the return of that person to prison, if it's an escape from prison. And in looking for that triggering event, courts here have landed in a number of circuits on this discovery by federal immigration officials. And it's the government's contention that that's really the only relevance of the discovery for this offense. It's not an element of the offense, and it's not relevant to venue. So what has happened is a number of these circuits in dictating what the triggering event for statute of limitations is have stated that it is where they are found by federal immigration officials. So there's some confusion or some imprecision in the opinions that use this term found solely in the context referring to discovery of federal immigration officials. But it's solely in determining a triggering event for the statute of limitations. Now, the only other point I want to make, and it's very brief, is looking at the language of the two continuing or the two applicable venue statutes here, 8 U.S.C. 1329 and 18 U.S.C. 3237. I do want to note that they are both drafted permissively. They both use the term venue may be based in such and such district. Neither of them are couched in the word shall or anything that shows that they are exclusive in nature. So, you know, absent a confliction between the statutes, which which there isn't really either can apply. So this court's decision can really base its opinion on on either statute. Is that it? That is, I will rest on my brief. Thank you very much. All right. Thank you, Miss Call. Mr. Caymans. Your Honor, five brief points to start. I believe my friend said that an individual can be found even by a local sheriff, completely apart from whether federal immigration authorities find or know that an individual is here unlawfully. And that's just directly contrary to what the court held in Arriba Rios. That decision. Well, it is. It is. And the discussion there is in a in a context. But it seems to me there's nothing in the statute that says the federal crime element found has to be found by any particular person. I would think that if a private citizen found a person in the United States who had been deported and reported it, that person is found at that point. There's a violation occurs where the person is found. It didn't say found by federal officials. And I don't know how how you can add that element when Congress didn't put it there. Well, that's the holding of Arriba Rios. I understand what that case says. And it's a discussion about that because it's focusing on the discovery aspect for purposes of prosecution. It's a crime and only the federal prosecutors can prosecute it. The defendant challenged statute of limitations in Arriba Rios and it also challenged venue. In that case, the defendant said that venue should have been in the eastern district of North Carolina. And what the court held and I'll read from it. It's on page 357. I'm familiar with I'm familiar with that, Mr. Kamen's. My question to you is, forget that, because that is a contextual discussion. Tell me where we find the requirement that the finding be done by a federal agent of any kind. Well, tell me. Look at the statute. That's the statute. And you agree it doesn't provide any such thing, right? It doesn't say federal immigration. It doesn't say anybody. It doesn't say anybody. And that's certainly true. But courts have rejected around the country defendants arguments who say, actually, you know, I was found when I was arrested by that sheriff in Texas. And even though the federal immigration officials didn't know about it, the statute of limitations started when that sheriff arrested me. And now you're going to prosecute me. That can be answered. That can be answered by what the Seventh Circuit did. Judge Sykes said the word found includes three components. One is encounter. Second is identification. And third is recognition of the illegal status. Once those three things are satisfied, you're found. Now, if the sheriff encounters somebody and it's identified, it seems to me the only question is whether when it's first recognize it is illegal status. If that's recognized, that person, for purposes at least of that holding, would be found. And the statute would be satisfied. Well, unless it's by federal immigration officials, I would disagree with the court. If I can make two quick points, or actually three quick points. May I? I don't know if you can make three. Make your best point. You're over time now. There may be line drawing issues about the definition of found, but that's not an issue in this case. The indictment charges that the defendant was found in Pennsylvania. It doesn't say that. Well, it says, no, it's not quite fair. The indictment says he was found in Pennsylvania but was first encountered in Virginia. True. It doesn't say he was found in Virginia. Secondly, there are two elements of a found in offense. Deportation and being found without lawful authority. Neither of those things, based on this indictment, occurred in Virginia. Okay. If I could say the last thing, the government says there's no qualification on the venue statutes. You look at the first words of 3237, it says except as otherwise provided by Congress. And the first words of 1329 would say notwithstanding any other law. Of course, that presumes that they're intentioned. But the government's position is that they're not intentioned. 1329 says where the crime occurs. And 3237 says if the crime occurs in different places, it can be brought in any place. Those aren't inconsistent. The rule is if there's a specific venue statute, we determine venue by the specific statute, not the general. Well, that's not a general. That's just how to construe a situation where the crime is committed in different districts. 1329 says it's where it occurs. And then 3237 says if it occurs in different districts, it can be brought in any of them. Okay. Yeah, that's not intention. Well, anyway, I think we understand your positions, and we'll take these all into consideration. We normally come down at this point and shake hands with counsel. That's been our longstanding tradition. It's the symbol of the Fourth Circuit and of our views of the relationship between the bench and the bar. And we're so sorry we can't come down and do it today. But we'll extend our handshakes to you virtually now by greeting you and welcoming you and thanking you for your good arguments. And like that, we'll stand adjourned to take recess in order to reconstitute the court. Thank you very much. Thank you, Your Honor. This honorable court will take a brief recess.
judges: Paul V. Niemeyer, Barbara Milano Keenan, Richard Ernest Myers II